IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01491-REB-CBS

Vincent Gabriel,

          Plaintiff,

v.

EL PASO COUNTY CRIMINAL JUSTICE CENTER,
THERESA PEDLEY COOPER,
CORRECT CARE SOLUTIONS,
CORRECTIONAL HEALTHCARE COMPANIES, and
In Theresa Pedley's and her male counterpart's individual capacity as employees of El Paso CJC,

          Defendants.

---

## ORDER REGARDING PLAINTIFF'S MOTION FOR RECONSIDERATION

---

Magistrate Judge Shaffer

    This matter comes before the court on Plaintiff's Motion for Reconsideration (Docs. 55 & 56) filed on October 21, 2015.  Pursuant to the Order of Reference dated October 21, 2015, this matter was referred to the Magistrate Judge. (*See* Doc. 57).  This court has carefully considered the motion and related briefing, as well as the entire case file.  For the following reasons, the court DENIES Plaintiff's Motion for Reconsideration.

    Plaintiff requests that the court reconsider its October 9, 2015 minute order (Doc. 50) granting Defendant Theresa Pedely Cooper's ("Defendant Cooper") "Motion for Extension of Time Out of Time in Which to File Responsive Pleading." (Doc. 46). "A district court has discretion to revise interlocutory orders prior to entry of final judgment." *Trujillo v. Bd. of Educ. of Albuquerque Pub. Sch.*, 212 F. App'x 760, 765 (10th Cir. 2007) (citing *Price v. Philpot*, 420 F.3d 1158, 1167 n. 9 (10th Cir. 2005)); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,

460 U.S. 1, 12 (1983) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge."). In a motion to reconsider, the movant must do two things: First, he must "demonstrate some reason why the court should reconsider its prior decision." Second, he "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988).

Grounds warranting a motion to reconsider include (1) intervening changes in the controlling law; (2) previously unavailable evidence; (3) the need to correct clear error or prevent manifest injustice.  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "A motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *National Business Brokers, Ltd. V. Jim Williamson Products Inc.*, 115 F.Supp. 2d 1250, 1256 (D. Colo. 2000).

Although it is somewhat difficult to follow, Plaintiff's primary argument seems to be that defense counsel, Andrew Ringel and Jacob Massee, mislead the court in stating that they had only recently been retained to defend Defendant Cooper. Plaintiff also seems to contend that Mr. Ringel and Mr. Massee knew that Defendant Cooper had been served, but willfully chose not to enter an appearance or file an answer on her behalf.[1] However, none of Plaintiff's submitted evidence supports these assertions, and the court is not persuaded by Plaintiff's conclusory arguments to the contrary.

Further, Plaintiff has failed to identify any prejudice resulting from the extension of time. Plaintiff alleges that the Defendants' joint request for stay (Doc. 12) was based on the fact that Defendant Cooper had not been served with the complaint. This mischaracterizes the Defendants' motion. In the motion for stay, Defendants did note that — according to their

---

[1] Somewhat incongruously, Plaintiff also argues that it is no excuse that Mr. Ringel and Mr. Massee were only just retained to represent Defendant Cooper.

understanding — Defendant Cooper had not been served. However, the main crux of their argument was based on the fact that each defendant had filed a motion to dismiss that could potentially alter the number of defendants and/or dispose of some of the issues. This, in turn, would have a significant impact on the necessary discovery. Therefore, they argued, staying the case would prevent needless expenditures for the parties. (*See* Doc. 12 at 4-5). And they argued that staying the case could avoid a waste of judicial resources because it would prevent the court from dealing with issues that could ultimately be dismissed. It was on these bases that the court issued a stay. Thus, Plaintiff's argument in this regard does not demonstrate prejudice.

In addition, the court notes that if Defendant Cooper was served on July 10, 2015, her answer or response would have been due by July 31, 2015. *See* Fed. R. Civ. P. 12 (a)(1)(A)(i) (A defendant must serve an answer within 21 days after being served with the summons and complaint). Thus, Plaintiff could have filed for default on August 1, 2015; however, Plaintiff did not file his motion until October 9, 2015, over two months later. Indeed, Plaintiff filed for the entry of default on the same day that Defendant Cooper requested permission to file an answer out of time. This delay also weighs against any prejudice to Plaintiff.

Finally, and perhaps most importantly, "[t]he preferred disposition of any case is upon its merits and not by default judgment." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970). Here, Defendant Cooper has filed a response to Plaintiff's complaint; thus, the court cannot say that Defendant Cooper is an unresponsive party, that the adversary process has been halted, or that Plaintiff faces an interminable delay because of Defendant Cooper's actions. Rather, because Defendant Cooper has manifested an intent to defend herself, and because the court has a strong preference for resolving cases on their merits rather than by procedural default, the court finds no

considerations that justify reconsideration of its previous order. Nor does it find any justification

for the entry of default against Defendant Cooper.

For the foregoing reasons, Plaintiff's Motion for Reconsideration (Doc. 55) is DENIED.

DATED at Denver, Colorado, this 26th day of October, 2015.

BY THE COURT:

s/Craig B. Shaffer_____
United States Magistrate Judge