**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 15-cv-01491-REB-CBS

VINCENT GABRIEL,

    Plaintiff,

v.

EL PASO COUNTY CRIMINAL JUSTICE CENTER,
THERESA PEDLEY COOPER,
CORRECT CARE SOLUTIONS,
CORRECTIONAL HEALTHCARE COMPANIES, and
In Theresa Pedley's and her male counterpart's individual capacity as employees of El Paso CJC,

    Defendants.

**ORDER DENYING AMENDED MOTION TO RECONSIDER
[ECF DOC 84] GRANTING DEFENDANT COOPER'S
MOTION FOR EXTENSION TO FILE OUT OF TIME**

**Blackburn, J.**

The matter before me is plaintiff's **Amended Motion To Reconsider [ECF Doc 84] Order Granting Defendant Cooper's Motion for Extension To File Out of Time** [#88],[1] filed November 11, 2015. Because plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v.**

---

[1] "[#88]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

*Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)). Even applying such liberality, however, nothing in plaintiff's motion warrants reconsideration of my previous order.

As an initial matter, nothing in the Federal Rules of Civil Procedure or the Local Rules of Practice of the United States District Court for the District of Colorado – Civil contemplates a right to file a reply to an objection to a non-dispositive ruling of the magistrate judge under Fed. R. Civ. P. 72(a). Indeed, D.C.COLO.LCivR 7.1(d) expressly provides the court discretion to rule on a motion "at any time after it is filed."[2] Plaintiff's filing of a "notice" that he intended to file a reply (*see* [#81], filed November 5, 2015) creates no obligation on this court to stay its ruling in anticipation thereof. Had plaintiff wished the court to consider a reply, the proper procedure would have been to file a motion for leave to file a reply.

Moreover, and substantively, nothing in plaintiff's current motion demonstrates error in this court's prior ruling. The bases for granting reconsideration are extremely limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations

---

[2] Based on this same discretion, I exercise my prerogative to rule on this motion without awaiting a response.

omitted).  Plaintiff's latest submission implicates none of these considerations.  Plaintiff has offered nothing more than a reiteration of his previous arguments, which I have rejected already.  The magistrate judge more than adequately explained the rationale behind his decision in this regard in his **Order Regarding Plaintiff's Motion for Reconsideration** [#66], filed October 26, 2015.  It is plain that the magistrate judge considered all factors relevant to a determination of excusable neglect in making his ruling.  Plaintiff's continued disagreement with that reasonable and well-supported determination provides no justification for reconsideration of my prior order.

Moreover, as the magistrate judge aptly noted "most importantly, '[t]he preferred disposition of any case is upon its merits and not by default judgment.'" (*Id.* at 3 (quoting) *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970)).  The present motion represents plaintiff's third iteration of his objection to the magistrate judge's decision allowing an out-of-time responsive pleading by this defendant.  This case most emphatically does not present an instance in which the defendant has been so recalcitrant nor the plaintiff so prejudiced that the extreme and extraordinary remedy of default is warranted.  Plaintiff's claims against Ms. Cooper will be determined on their merits.  It is time for plaintiff to focus his energies in that direction.

**THEREFORE, IT IS ORDERED** that plaintiff's **Amended Motion To Reconsider [ECF Doc 84] Order Granting Defendant Cooper's Motion for Extension To File Out of Time** [#88], filed November 11, 2015, is denied.

Dated November 12, 2015, at Denver, Colorado.

          **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge