**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 15-cv-01491-REB-CBS

VINCENT GABRIEL,

    Plaintiff,

v.

EL PASO COUNTY CRIMINAL JUSTICE CENTER,
THERESA PEDLEY COOPER,
CORRECT CARE SOLUTIONS,
CORRECTIONAL HEALTHCARE COMPANIES, and
In Theresa Pedley's and her male counterpart's individual capacity as employees of El Paso CJC,

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTION
## FOR CERTIFICATION OF INTERLOCUTORY APPEAL

**Blackburn, J.**

The matter before me is plaintiff's **Certification for Interlocutory Appeal of Order Re: Denial of Motion for Entry of Default and Default Judgment (ECF No. 47) Motion for Interlocutory**[#92],[1] filed November 16, 2015.  Exercising my prerogative to rule on the motion without awaiting a response, *see* D.C.COLO.LCivR 7.1(d), I deny the motion.

Section1292(b) of Title 28 provides that

> [w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law

---

[1] "[#92]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

> as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. . . .

28 U.S.C. § 1292(b).  Given the terms of the statute, four criteria must be met before an issue may be certified for appeal:  (1) the action must be a civil action; (2) the court must conclude that the order involves a controlling question of law; (3) there must be substantial ground for difference of opinion as to the resolution of that question; and (4) it must appear that an immediate appeal from the order may materially advance the ultimate termination of the litigation.  ***In re Grand Jury Proceedings June 1991***, 767 F.Supp. 222, 223 (D. Colo. 1991).  While I have discretion in determining whether to certify an order for interlocutory appeal under the statute, ***see Swint v. Chambers County Commission***, 514 U.S. 35, 47, 115 S.Ct. 1203, 1210, 131 L.Ed.2d 60 (1995), certification should be reserved for rare and extraordinary cases, ***State of Utah by and through Utah State Department of Health v. Kenecott Corp.***, 14 F.3d 1489, 1495 (10th Cir.), ***cert. denied***, 115 S.Ct. 197 (1994).

This is not such a case.  Indeed, with the exception of the unremarkable reality that this is a civil action, plaintiff can satisfy none of the other substantive criteria of section 1292(b).  Plaintiff's obvious disagreement with my decision regarding his objections to the magistrate judge's non-dispositive ruling is not the type of controlling question of law which merits resort to the extraordinary remedy of interlocutory appeal:

> The phrase "question of law" as used in 28 U.S.C. § 1292(b) does not refer to a particular application of facts to the law, but rather "has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." [Internal citation omitted.]  Such questions

> typically involve law that is unsettled. Consequently, for the purposes of 28 U.S.C. § 1292(b), district courts should certify questions when they are unsure what the law is, not when there is merely a dispute as to how the law applies to the facts of a particular situation.

*Cadorna v. City and County of Denver, Colorado*, 2007 WL 3216579 at *1 (D. Colo. Oct. 25, 2007) (citation omitted). There is nothing novel or unsettled about the legal standards governing a request to file a motion out of time. Application of those well-established standards to the facts of this case does not present a question which is "difficult, novel, [or] a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions." *In re Grand Jury Proceedings June 1991*, 767 F.Supp. 222, 226 (D. Colo. 1991).

The failure to meet this element essentially decides the next, as the ability to show a substantial ground for difference of opinion depends on proof of a controlling issue of law. *See Pack v. Investools, Inc.*, 2011 WL 2161098 at *2 (D. Utah June 1, 2011). Plaintiff correctly notes that "[s]ubstantial ground for difference of opinion exists where the question of law that is presented is difficult or novel, as evidenced by either an issue of first impression or by contrary law in other jurisdictions." (**Motion** at 12.) This matter, however, presents none of those circumstances.

Finally, granting an interlocutory appeal in this case would not materially advance the ultimate termination of the litigation. This is not an "extraordinary" instance "in which extended and expensive proceedings probably can be avoided" by certifying an interlocutory appeal. *State of Utah by and through Utah State Department of Health*, 14 F.3d at 1495 (citing S.Rep. No. 2434, 85th Cong., 2nd Sess. 1 (1958),

*reprinted in* 1958 U.S.C.C.A.N. 5255, 5262 (appendix)).  Even if the Tenth Circuit were to reverse my ruling and deny Ms. Pedley-Cooper's motion for extension of time, there still is no guarantee that plaintiff would be entitled to default judgment, which is the ultimate goal of his machinations in this regard.[2]  Moreover, Ms. Pedley-Cooper is only one of several defendants in this lawsuit.  Resolution by way of default judgment of the claims against her would not expedite materially or appreciably the ultimate outcome of this case as a whole.

Accordingly, I find and conclude that it would be an abuse of discretion to grant plaintiff's request to certify this case for interlocutory appeal, and thus deny his motion.

**THEREFORE, IT IS ORDERED** that plaintiff's **Certification for Interlocutory Appeal of Order Re: Denial of Motion for Entry of Default and Default Judgment (ECF No. 47) Motion for Interlocutory**[#92], filed November 16, 2015, is denied.

Dated November 17, 2015, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

---

[2]  Failure to file a timely answer results only in the admission of the factual allegations of the complaint other than those relating to damages, *see* **FED. R. CIV. P**. 8(d), and plaintiff has neither argued nor demonstrated that his complaint alleges facts sufficient to prove all elements of his claims against Ms. Pedley-Cooper.