FILED
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**March 22, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

---

In re: VINCENT GABRIEL,

    Petitioner.

No. 15-1499
(D.C. No. 1:15-CV-01491-REB-CBS)
(D. Colo.)

---

## ORDER

---

Before **KELLY**, **PHILLIPS**, and **MORITZ**, Circuit Judges.

---

After Vincent Gabriel initiated a civil rights action, defendant Theresa Pedley Cooper moved for an extension of time file a responsive pleading out of time. A magistrate judge granted Ms. Cooper's request, and since then Mr. Gabriel has filed numerous unsuccessful motions seeking reconsideration and entry of default against Ms. Cooper. Mr. Gabriel now seeks a writ a mandamus compelling the magistrate judge and district court judge to reverse their orders denying reconsideration and enter a default judgment against Ms. Cooper. We deny Mr. Gabriel's request.

"[A] writ of mandamus is a drastic remedy, and is to be invoked only in extraordinary circumstances." *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1186 (10th Cir. 2009) (internal quotation marks omitted). To obtain mandamus relief, Mr. Gabriel must show that (1) he has "no other adequate means to attain the relief he desires," (2) "his right to the writ is clear and indisputable," and (3) issuance of the writ is an appropriate exercise of this court's discretion. *Id.* at 1187 (internal quotation marks

omitted).  We will issue the writ "only when the district court has acted wholly without jurisdiction or so clearly abused its discretion as to constitute usurpation of power." *Id.* at 1186 (internal quotation marks omitted).

Mr. Gabriel fails to show he is entitled to an extraordinary writ of mandamus.  He asserts he has no alternative means of relief because the district court denied his request to certify an interlocutory appeal, but he fails to show that a direct appeal after entry of final judgment would be inadequate to vindicate his rights if he should suffer an adverse judgment.  Further, the denial of reconsideration and entry of default judgment are matters committed to the district court's discretion.  *See United States v. Barajas-Chavez*, 358 F.3d 1263, 1266 (10th Cir. 2004) (reconsideration); *Ashby v. McKenna*, 331 F.3d 1148, 1152 (10th Cir. 2003) (default judgment).  "Where a matter is committed to discretion, it cannot be said that a litigant's right to a particular result is clear and indisputable."  *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980) (per curiam) (internal quotation marks omitted).  Under these circumstances, we cannot say mandamus relief would be an appropriate exercise of our discretion.

Accordingly, the petition for a writ of mandamus is denied.

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk